1998 OK JUD ETH 18

**JUDICIAL ETHICS OPINION 1998–18.**

**No. 1998–18.**

Oklahoma Judicial Ethics Advisory Panel.

Decided Oct. 12, 1998.

Filed: Oct. 26, 1998.

QUESTION: Should a judge recuse, on his own motion, or at the request of a party, from a case in which a former employer or client is a party litigant, if the judge did not participate in that particular case before taking office?

Is there a difference between situations in which the judge was in private practice, representing a client on case-by-case basis and that in which the judge was house counsel, representing only that entity?

WE ANSWER: NO, with exceptions.

Canon 3E(1) provides "a judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned including "but not limited to instances where (a) the judge has a personal bias or prejudice concerning a party as a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding . . ."

The judge must disclose to the parties the prior relationship with the party, and if by reason of such relationship is asked to recuse should do so, at least for an extended period of time subsequent to the termination of the relationship. But this does not forever preclude the judge from sitting on a case involving a former client or employer, if the judge has no continuing relationship with the employer, as for example, stock or stock options

in a company as vested retirement benefits with the former employer.

Obviously, if a judge has been "house counsel" rather than having represented the former client on a "case-by-case" basis, may give rise to a stronger presumption of bias and require a longer period of disassociation to allay such presumption.

/s/ Robert L. Bailey, Chairman

/s/ Robert A. Layden, Vice Chairman

/s/ Milton C. Craig, Secretary